No. 25,592.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant*, v. M. V. AST and N. REICHENBERGER, *Appellees.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Wheat-marketing Agreement—Breach—Recovery.* The proceedings considered, and *held,* the district court erred in not rendering judgment for stipulated damages sustained by the Kansas Wheat Growers Association on account of noncompliance by a member with his wheat-marketing agreement with the association.

2. INJUNCTION—*Contract—Breach Which May Be Restrained. Held further,* the district court erred in not granting an injunction to prevent the member from delivering part of his wheat crop to a chattel mortgagee to satisfy a mortgage taken with knowledge of the member's contract with the association.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 11, 1925. Reversed.

*T. A. Noftzger, George W. Cox, R. L. Nesmith, W. J. Masemore,* all of Wichita, *A. C. Malloy, R. C. Davis,* and *Warren H. White,* all of Hutchinson, for the appellant.

*Carr W. Taylor,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: This action, like the action in *Wheat Growers Association v. Loehr,* post, page 248, was one for an injunction to restrain a member of the association from disposing of his wheat crop to a chattel mortgagee, and to recover stipulated damages for wheat disposed of contrary to the member's marketing agreement

with the association. Judgment was rendered for defendant, and plaintiff appeals.

The member delivered all his 1922 crop of wheat to a chattel mortgagee, and is liable to the association for the stipulated damages provided for in his contract. The member also delivered part of his 1923 crop to a chattel mortgagee, who took his mortgage with knowledge of the member's contract with the association. At the commencement of suit the member was about to deliver the remainder of the crop to the chattel mortgagee. The member is liable to the association for the stipulated damages for the portion of the crop delivered, and the association is entitled to an injunction preventing him from delivering the remainder of the crop to the chattel mortgagee, together with judgment for the items of expense provided for in subdivision "c" of paragraph 18 of the marketing agreement.

The court found that the member is a tenant farmer. It is not material whether he is owner or tenant of land. He is a wheat-grower who is not living up to his marketing agreement with the association. In the light of results, it may not have been best for him to join the association, but no one has a higher interest in freedom to contract, and in the inviolability of a valid contract when made, than a tenant farmer of small means.

The judgment of the district court is reversed, and the cause is remanded with direction to proceed in accordance with this opinion.